UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

LISA DUNN                                                                                                              PLAINTIFF

V.                                                                           CIVIL ACTION NO. 3:13CV232 DPJ-FKB

CAROLYN W. COLVIN, ACTING COMMISSIONER
OF SOCIAL SECURITY                                                                              DEFENDANT

ORDER

This social-security appeal is before the Court on the Report and Recommendation [14] of Magistrate Judge F. Keith Ball. Having fully considered the premises, the Court finds that the Report and Recommendation should be adopted and the decision of the ALJ affirmed.

I.      Facts and Procedural History

Plaintiff Lisa Dunn maintains that she is disabled due to chronic obstructive pulmonary disease ("COPD"). Dunn filed for disability-insurance benefits and supplemental-security income in 2010. Her applications were denied initially and on reconsideration. Dunn then requested and received a hearing before an Administrative Law Judge, who likewise found she was not disabled.[1] Aggrieved, Dunn filed this appeal.

After considering the administrative record, along with the parties' competing motions for summary judgment, Judge Ball recommended affirming the decision of the ALJ. Dunn filed Objections [15], to which the Commissioner responded [16]. Primarily, Dunn takes issue with the ALJ's mention of 20 C.F.R. § 416.930, a regulation detailing a requirement that a claimant follow the treatment prescribed by his or her physician.

---

[1] The Appeals Council denied review, making the ALJ's finding the final decision of the Commissioner.

II.     Standard of Review

In reviewing the ALJ's decision, this Court may only inquire into (1) whether there is substantial evidence to support the Commissioner's findings and (2) whether the correct legal standards were applied in evaluating the evidence.  42 U.S.C. § 405(g); *Hollis v. Bowen*, 837 F.2d 1378, 1382 (5th Cir. 1988).  Substantial evidence has been defined as "more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Adams v. Bowen*, 833 F.2d 509, 511 (5th Cir. 1987).

III.    Decision of the ALJ

   A.    Claim Evaluation

To determine whether a claimant is disabled, the ALJ employs a five-step analysis.  20 C.F.R. § 416.920(a)(4).  First, the claimant must prove she is not currently engaged in substantial gainful activity.  *Id.* § 416.920(a)(4)(i).  Second, the claimant must prove that her impairment, or combination of impairments, is "severe."  *Id.* § 416.920(a)(4)(ii).  At step three, disability will be found if the claimant meets or exceeds one of the impairments contained in the Listing of Impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  *Id.* § 416.920(a)(4)(iii). Fourth, if disability cannot be found based on the claimant's medical status alone, she must show that her impairment(s) prevent her from returning to her past relevant work.  *Id.* § 416.920(a)(4)(iv).  At steps one through four, the burden of proof rests with the claimant to show she is disabled. *Crowley v. Apfel*, 197 F.3d 194, 198 (5th Cir. 1999).  If she satisfies this burden, it shifts to the Commissioner at step five to show there is other gainful employment the claimant can perform, given her residual functional capacity, age, education, and work experience.  20 C.F.R. § 416.920(a)(4)(v).  If the claimant cannot adjust to other work, she is disabled.  *Id.*  A finding that

2

the claimant is disabled or not disabled at any step in the process ends the analysis. *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988).

B.  Dunn's Disability Determination

Here, in steps one and two, the ALJ found that Dunn had not engaged in substantial gainful activity for several years and had the following severe impairments: chronic obstructive pulmonary disease and bronchiectasis. He then concluded in step three that she does not have an impairment or combination of impairments that meets or medically equals the severity of one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.

Specifically, the ALJ examined the following listings found in Appendix 1: 3.02 Chronic Pulmonary Insufficiency, 3.03B Asthma, and 3.07 Bronchiectasis. First, he found that Dunn's pulmonary-function testing results did not meet listing 3.02 Chronic Pulmonary Insufficiency, a finding which is not challenged. Second, he considered listing 3.03B Asthma, which requires at least six asthma attacks per year "in spite of prescribed treatment." The ALJ found that Dunn could not meet this standard for failure to quit smoking:

> Additionally and significantly, while there is no evidence to suggest the claimant has not been compliant with her medication, she has not been fully compliant with her physicians' treatment plans because she continues to engage in tobacco use. As such, the claimant has failed to follow prescribed treatment pursuant to 20 CFR 416.930 and SSR 82-59.

Decision [8] at 19. Third, in addressing listing 3.07 Bronchiectasis, the ALJ explained, "while listing 3.07B does not specifically state the 'in spite of prescribed treatment' language, this requirement is incorporated by the listing's reference to 3.00C," and, accordingly, "the claimant cannot meet listing 3.07 as she did not meet listing 3.02 or 3.03." *Id.*

Dunn's continuing use of tobacco products is relevant to both of the disputed listings, because both consider whether a claimant followed the treatment prescribed by her physician. *See* 3.00C Episodic Respiratory Disease ("The medical evidence must also include information documenting adherence to a prescribed regimen of treatment . . . .") (referenced in 3.07 Bronchiectasis); 3.03B Asthma ("Attacks . . . , in spite of prescribed treatment and requiring physician intervention, occurring at least once every 2 months or at least six times a year.").

And there is ample authority to support the ALJ's conclusion that Dunn's continued tobacco use disqualified her from the asthma listing 3.03B and, by virtue of 3.00C, from the bronchiectasis listing 3.07.  First, courts routinely find that asthma attacks do not occur "in spite of prescribed treatment," where the claimant continues smoking.  *Arant-Livingston v. Barnhart*, 148 F. App'x 630, 631 (9th Cir. 2005); *see Arnold v. Comm'r of Soc. Sec.*, 238 F.3d 419, 2000 WL 1909386, at *3 (6th Cir. 2000) (unpublished table decision) (affirming decision that claimant did not satisfy "in spite of prescribed treatment" language in listing 3.03B where he continued to smoke); *Auer v. Sec'y of Heath & Human Servs.*, 822 F.2d 59, 1987 WL 37920, at *2 (6th Cir. 1987) (unpublished table decision) (finding claimant, who did not quit smoking, did not meet listing for asthma because he did not suffer attacks in spite of prescribed treatment); *Boyer v. Astrue*, No. 08-3301, 2009 WL 4348953, at *8 (C. D. Ill. Nov. 24, 2009) (same).

Second, numerous courts have held that a claimant's smoking against doctor's orders is noncompliance with Section 3.00C's mandate that "[t]he medical evidence must also include information documenting adherence to a prescribed regimen of treatment."  *See Hutchinson v. Astrue*, No. 10-30214-RWZ, 2012 WL 1642201, at *8 (D. Mass. 2012) (quoting Listing 3.00) (collecting cases); *see also Edwards v. Colvin*, No. 4:12CV0197AGF-DDN, 2013 WL 4666344,

4

at *10 (E.D. Mo. Aug. 30, 2013) (affirming decision that claimant did not meet listing 3.03B due to exposure, despite knowledge of risks, to aggravating fumes at work and noting 3.00C's requirement of "adherence to a prescribed regimen of treatment").

The ALJ identified the proper listings, quoted the compliance language from 3.03, and explained that this requirement was incorporated into 3.07B through 3.00C. Decision [8] at 18–19. This was the correct standard. The problem arose when he also cited 20 C.F.R. § 416.930 and SSR 82-59.[2] *Id*. at 19. Judge Ball, Dunn, and the Commissioner all agree that § 416.930 and SSR 82-59 have no application at step three, because § 416.930 and SSR 82-59 apply *once it has been determined* that a claimant is disabled. R&R [14] at 8. Judge Ball concluded, however, that this errant cite was irrelevant because the regulation and ruling "are inapplicable to Dunn's situation." *Id*.

To understand Judge Ball's finding, it is necessary to compare the standards. Like listings 3.00C and 3.03B, § 416.930 and SSR 82-59 begin by asking whether the claimant adhered to prescribed treatment. But § 416.930 and SSR 82-59 then require one additional

---

[2] The relevant portions of 20 C.F.R. § 416.930 provide as follows:

(a) What treatment you must follow. In order to get benefits, you must follow treatment prescribed by your physician *if this treatment can restore your ability to work* . . . .
(b) When you do not follow prescribed treatment. If you do not follow the prescribed treatment without a good reason, we will not find you disabled or blind or, if you are already receiving benefits, we will stop paying you benefits.

(Emphasis added). SSR 82-59 elaborates: "Policy Statement: An individual who would otherwise be found to be under a disability, but who fails without justifiable cause to follow treatment prescribed by a treating source which the Social Security Administration (SSA) determines *can be expected to restore the individual's ability to work*, cannot by virtue of such 'failure' be found to be under a disability.". (Emphasis added).

step—a determination whether the prescribed treatment would restore the ability to work.  The ALJ did not make that specific finding.

The ultimate question is whether it makes a difference—that is, whether the errant mention of § 416.930 shows the ALJ applied an incorrect legal standard.  Having considered decisions utilizing listing 3.03B, 3.00C, and § 416.930 to evaluate a claimant with a history of smoking, the Court concludes that the ALJ applied the correct standard.  Stated simply, § 416.930, 3.00C, and 3.03B all involve a threshold determination that the claimant did not follow his or her physician's prescribed treatment.  The ALJ was not required at step three to make the additional finding that § 416.930 requires, even if he mistakenly referenced it.  Instead, he quoted 3.03B and 3.00C and then applied those standards to the facts.  The correct standard was applied, and the finding that Dunn continued to smoke is supported by substantial evidence.

III.     Conclusion

The Report and Recommendation of Magistrate Judge F. Keith Ball [14] is adopted as the finding of this Court.  Claimant Lisa Dunn's motion for summary judgment [9] is denied; the Commissioner's motion for summary judgment [11] is granted; and the decision of the ALJ is affirmed.  This action is dismissed with prejudice.

A separate judgment will be entered.

**SO ORDERED AND ADJUDGED** this the 22nd day of September, 2014.

                                              s/ *Daniel P. Jordan III*
                                              UNITED STATES DISTRICT JUDGE